UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACY MAKHNEVICH,<br><br>                         Plaintiff,<br><br>            -against-<br><br>NOVICK EDELSTEIN POMERANTZ PC;<br>GREGORY S. BOUGOPOULOS,<br><br>                         Defendants. | 1:21-CV-6979 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Stacy Makhnevich, who resides in Brooklyn, New York, brings this *pro se* action

under the Fair Debt Collection Practices Act ("FDCPA") and state law. She sues: (1) Novick

Edelstein Pomerantz PC (also known as Novick, Edelstein, Lubell, Reisman, Wasserman &

Leventhal PC) ("Novick"), which, Plaintiff alleges, has its principal place of business in Yonkers,

New York; and (2) Gregory S. Bougopoulos, who, Plaintiff alleges, is an agent and partner of

Novick. Plaintiff's claims arise from: (1) Defendants' alleged efforts to collect disputed debts

from Plaintiff on behalf of their client, the board that manages the Brooklyn building in which

Plaintiff resides; and from (2) the alleged misrepresentations and other actions Defendants have

carried out with respect to Plaintiff's state-court litigation.

Before Plaintiff filed this action, she filed another *pro se* action against Defendants and

others in the United States District Court for the Eastern District of New York in which she

asserted similar FDCPA and state-law claims; that action is pending. *See Makhnevich v.*

*Bougopoulos*, 1:18-CV-0285 (E.D.N.Y.).

Plaintiff has paid the fees to bring this action. For the following reasons, the Court

transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a federal civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

Plaintiff alleges that Defendant Novick "is a domestic professional corporation incorporated and existing under the laws of the State of New York, and engaged in the business of collecting debts in this state with its principal place of business" in Yonkers, New York. (ECF 1, at 4.) She also alleges that Defendant Bougopoulos is an agent and partner of Novick. (*Id.*) But she does not allege where Bougopoulos – an individual person – is domiciled. Yonkers lies within Westchester County, which is within this judicial district. *See* 28 U.S.C. § 112(b).[1] Because Plaintiff does not allege where Bougopoulos is domiciled, it is unclear whether, under Section 1391(b)(1), this Court is a proper venue for Plaintiff's claims.

Plaintiff's complaint makes clear that a substantial part of the events giving rise to Plaintiff's claims occurred in Brooklyn, New York, and that the property at issue is also located

---

[1] This judicial district – the Southern District of New York – is comprised of the following New York State counties: (1) New York (Borough of Manhattan), (2) Bronx, (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).

in Brooklyn. Brooklyn is located in Kings County, which is within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Plaintiff's complaint does not, however, allege facts showing that a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York, or that a substantial part of the property at issue is located in the Southern District of New York. Thus, while it is clear that, under Section 1391(b)(2), the United States District Court for the Eastern District of New York is a proper venue for this action, it is unclear that this Court is a proper venue.

Even if venue is proper in the Southern District of New York, this Court may transfer claims, "[f]or the convenience of the parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "[t]he broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer Sua sponte").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer is appropriate in this action because a substantial part of the underlying events occurred, and the property at issue is located, in Brooklyn, Kings County, in the Eastern District of New York. Moreover, because Plaintiff previously filed a substantially similar action in the Eastern District of New York, where that action is pending, that court is the favored forum to litigate this action. *Cf. City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) (Under "[t]he 'first filed' rule[,] . . . 'where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action,' unless 'there are special circumstances which justify giving priority to the second' action." (citations omitted)).

Based on a totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. No summonses shall issue from this court. This order closes this action in this court.

4

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court also directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    September 28, 2021
          New York, New York

                              /s/ Laura Taylor Swain
                         LAURA TAYLOR SWAIN
                         Chief United States District Judge